898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Willie McGRADY, Sr., and James Willie McGrady, Jr.,
Defendants-Appellants.
 No. 89-5104.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 9, 1989.
Decided: Feb. 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (Cr. Nos. 88-51-3-CR)
 Ronnie M. Mitchell, for appellants.
 Margaret P. Currin, United States Attorney; Christine W. Dean, Assistant United States Attorney, for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 James Willie McGrady, Sr., and James Willie McGrady, Jr., appeal the district court's refusal to depart from a five-year minimum sentence imposed by 18 U.S.C. Sec. 924(c)(1). Responding to the government's motion for departure, the district court reasoned that it lacked the authority to depart from a statutorily-imposed mandatory minimum sentence. We hold that it did have such authority, and we therefore vacate and remand for resentencing.
 
 
 2
 Pursuant to plea agreements, the McGrady's pled guilty to distribution of cocaine in violation of 21 U.S.C. Sec. 841 and pled nolo contendere to use and possession of a firearm in a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1). The government brought a motion for departure from the applicable sentencing guideline ranges, based on the substantial assistance that the McGradys had provided in the investigation and prosecution of other drug offenses. The district court departed from the sentencing range for the distribution charges, sentencing the McGradys to one month's custody despite guideline ranges of 51 to 63 months for each. The district court concluded that it was without authority to depart from the five-year minimum sentence for the firearm charges, however. It thus imposed five-year sentences on the McGradys, to run consecutively to their one-month sentences. The McGradys appeal the district court's ruling that it lacked authority to depart from the minimum sentence imposed by 18 U.S.C. Sec. 924(c)(1). The government has essentially joined the McGradys' appeal, contending that the district court had discretion to depart.
 
 
 3
 Section 924(c)(1) establishes a minimum sentence of five years for the use of a firearm in a drug trafficking offense:
 
 
 4
 Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the ... drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 5
 18 U.S.C. Sec. 924(c)(1) (1988).
 
 
 6
 Under 18 U.S.C. Sec. 3553(e), however, a sentencing court is given the authority to impose a sentence below statutory minimum to reflect a defendant's substantial assistance in the investigation or prosecution of other offenses:
 
 
 7
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission....
 
 
 8
 18 U.S.C. Sec. 3553(e) (1988).
 
 
 9
 The sentencing guidelines provide additional authority for departures from guideline ranges or statutory minimum sentences to reflect substantial assistance. A policy statement in the guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov. 1989). The commentary following Sec. 5K1.1 states that "[u]nder circumstances set forth in 18 U.S.C. Sec. 3553(e) ..., as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence." U.S.S.G. Sec. 5K1.1, comment. (n. 1).
 
 
 10
 The district court incorrectly concluded that it lacked authority to depart from the five-year minimum sentence imposed by Sec. 924(c)(1) to reflect the McGradys' substantial assistance. Accordingly, we vacate and remand for resentencing, so that the district court may consider whether a departure is warranted.
 
 
 11
 VACATED AND REMANDED.